**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. RANDALL L. LITTLE and LANIS G. MORRIS, <br><br>  Relators, <br><br> vs. <br><br> ENI PETROLEUM CO. INC., f/k/a AGIP PETROLEUM CORP., et al., <br><br>  Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) )   Case No. CIV-05-1397-M |

**ORDER**

Before the Court is defendant Eni Petroleum Co. Inc., f/k/a Agip Petroleum Corp.'s ("Eni") Motion to Dismiss, filed December 1, 2006. On January 15, 2007, relators filed their response, and on February 9, 2007, Eni filed its reply. Based upon the parties' submissions, the Court makes its determination.

I.  Introduction

Relators, Randall L. Little and Lanis G. Morris, employees with the Minerals Management Service of the Department of the Interior, brought the instant qui tam action against defendants, alleging violations of the False Claims Act, 31 U.S.C. §§ 3729-3733.[1] Relators allege that defendants understated and underpaid interest they allegedly owed on late royalty payments to the United States government and that they submitted forms to the government containing allegedly false statements as to the amount of interest owed. Eni now moves this Court to dismiss the claims and causes of action against it and to dismiss it from this action pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction.

---

[1] The United States declined to intervene in this action. *See* Docket No. 33.

II.  Discussion

"Before a federal court can assert personal jurisdiction over a defendant in a federal question case, the court must determine (1) whether the applicable statute potentially confers jurisdiction by authorizing service of process on the defendant and (2) whether the exercise of jurisdiction comports with due process." *Peay v. BellSouth Med. Assistance Plan*, 205 F.3d 1206, 1209 (10th Cir. 2000) (internal quotations and citations omitted). "'When a federal statute provides for nationwide service of process, it becomes the statutory basis for personal jurisdiction.'" *Id.* at 1210 (quoting *Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 942 (11th Cir. 1997)). The False Claims Act provides for nationwide and worldwide service of process. *See* 31 U.S.C. § 3732(a). Thus, the Court finds that, provided that due process is satisfied, § 3732(a) confers personal jurisdiction over Eni in this case by authorizing service of process on it.

In order to satisfy the due process requirement in a federal question case where jurisdiction is invoked based on nationwide service of process, the Tenth Circuit has held:

> the Fifth Amendment requires the plaintiff's choice of forum to be fair and reasonable to the defendant. In other words, the Fifth Amendment protects individual litigants against the burdens of litigation in an unduly inconvenient forum.
> To establish that jurisdiction does not comport with Fifth Amendment due process principles, a defendant must first demonstrate that his liberty interests actually have been infringed. The burden is on the defendant to show that the exercise of jurisdiction in the chosen forum will make litigation so gravely difficult and inconvenient that [he] unfairly is at a severe disadvantage in comparison to his opponent.
> . . . in evaluating whether the defendant has met his burden of establishing constitutionally significant inconvenience, courts should consider the following factors: (1) the extent of the defendant's contacts with the place where the action was filed; (2) the inconvenience to the defendant of having to defend in a jurisdiction other than that of his residence or place of business, including (a) the nature and extent and interstate character of the defendant's business,

> (b) the defendant's access to counsel, and (c) the distance from the defendant to the place where the action was brought; (3) judicial economy; (4) the probable situs of the discovery proceedings and the extent to which the discovery proceedings will take place outside the state of the defendant's residence or place of business; and (5) the nature of the regulated activity in question and the extent of impact that the defendant's activities have beyond the borders of his state of residence or business.
>
> We emphasize that it is only in highly unusual cases that inconvenience will rise to a level of constitutional concern. . . .
>
> If a defendant successfully demonstrates that litigation in the plaintiff's chosen forum is unduly inconvenient, then jurisdiction will comport with due process only if the federal interest in litigating the dispute in the chosen forum outweighs the burden imposed on the defendant.

*Peay*, 205 F.3d at 1212-13 (internal quotations and citations omitted).

Having carefully reviewed the parties' submissions, the Court finds that Eni has not demonstrated that litigation in the Western District of Oklahoma is unduly inconvenient such that its liberty interests actually have been infringed. The Court further finds that Eni has not satisfied its burden of showing that exercise of jurisdiction in the Western District of Oklahoma will make litigation so gravely difficult and inconvenient that it unfairly is at a severe disadvantage in comparison to relators.

First, although Eni has only minimal contacts with the Western District of Oklahoma, the Court finds that this factor, when considered in light of the remaining factors, is insufficient, in itself, to warrant a finding of constitutionally significant inconvenience. The Court would further note that the Tenth Circuit has not held that a lack of contacts with the chosen forum by itself is sufficient to establish that jurisdiction does not comport with Fifth Amendment due process principles.

Second, the Court finds that even though Eni may be inconvenienced by defending this

action in the Western District of Oklahoma, it cannot show that this burden rises to the level of constitutional concern. Eni is in the business of producing petroleum and natural gas products and conducts this business in Texas, Louisiana, and Alaska. Further, Eni clearly has access to counsel, as it has already retained counsel in Oklahoma City to represent it. Finally, the Court finds that the distance between Eni's headquarters in Houston, Texas and the Western District of Oklahoma's courthouse in Oklahoma City is not substantial,[2] and modern methods of communication and transportation greatly reduce the significance of any burden this distance might impose.

Third, nothing in the record indicates that considerations of judicial economy or the probable location of discovery in this case make the Western District of Oklahoma an unfair forum. In fact, based upon Eni's representations, a significant portion of the discovery in this case will take place in Houston. Finally, the Court finds that the nature of Eni's business and the fact that Eni's business activities have a significant impact beyond the borders of Texas[3] supports a finding that the Western District of Oklahoma is a fair forum.

Accordingly, because Eni has not met its burden of demonstrating that this Court's assertion of jurisdiction will make litigation so difficult and inconvenient that it unfairly will be at a severe disadvantage compared to relators,[4] the Court finds that it has personal jurisdiction over Eni and that Eni should not be dismissed from this action pursuant to Federal Rule of Civil Procedure 12(b)(2).

---

[2] In its motion, Eni states the distance from Houston to Oklahoma City is 450 miles.

[3] In its motion, Eni admits that its business activities have a significant impact in Louisiana and Alaska.

[4] Because Eni has not shown that this Court's assertion of jurisdiction will infringe upon its liberty interests, the Court need not balance the federal interests at stake in this action.

III.	Conclusion

For the reasons set forth above, the Court DENIES Eni's Motion to Dismiss [docket no. 142].

**IT IS SO ORDERED this 3rd day of August, 2007.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE