## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel., ) <br> RANDY L. LITTLE and ) <br> LANIS G. MORRIS, ) <br>   ) <br>     Relators, ) <br>   ) <br> vs. ) <br>   ) <br> ENI PETROLEUM CO., INC., f/k/a AGIP ) <br> PETROLEUM CO., a foreign corporation, ) <br> et al., ) <br>   ) <br>     Defendants. ) | Case No. CIV-05-1397-M |

### ORDER

Before the Court are defendant Marathon Oil Company's Motion to Dismiss (On Grounds Urged in Apache's Memorandum) [docket no. 154], defendant Pogo Producing Company's Motion to Dismiss (On Grounds Urged in Apache's Memorandum) [docket no. 156], defendant Newfield Exploration Company's Motion to Dismiss (On Grounds Urged in Apache's Memorandum) [docket no. 158], defendants BP America Production Company, BHP Billiton Petroleum (Americas) Inc., and Total E&P USA, Inc.'s Motion to Dismiss the Complaint [docket no. 159], defendant The Williams Companies, Inc.'s Motion to Dismiss (On Grounds Urged in Apache's Memorandum) [docket no. 163], defendant Apache Corporation's Motion to Dismiss [docket no. 169], and defendant Amerada Hess Corporation's Motion to Dismiss (on Grounds Urged in Apache's Memorandum) [docket no. 172]. On January 22, 2007, relators filed their response to the above motions. On February 16, 2007, defendant Apache Corporation filed a reply, and on March 16, 2007, defendant Apache Corporation filed a Notice of Supplemental Authority.

I.      Introduction

As the owner of lands capable of producing substantial quantities of oil and gas, the United States leases to oil and gas producers the right to explore, develop and produce oil and gas on federal lands. Complaint at ¶¶ 13, 14. These leases entitle the United States to receive a royalty, typically between 12.5% and 16.66% of the value of the oil and gas produced. *Id.* at ¶ 15. Collection of the royalty under these leases is the responsibility of the Department of the Interior ("DOI") and is administered by the Minerals Management Service ("MMS"). *Id.* at ¶ 16. The MMS requires each lessee to file a MMS-2014 on a monthly basis. *Id.* at ¶ 17.

If royalty payments are not received by the Secretary of the DOI ("Secretary") when they are due, the Secretary charges interest on late payments or underpayments. 30 U.S.C. § 1721(a). Further, the Federal Oil and Gas Royalty Simplification and Fairness Act of 1996 makes the following provisions regarding the reporting and calculating of such interest:

> **(2)(A)** For any adjustment, the lessee or its designee shall calculate and report the interest due attributable to such adjustment at the same time the lessee or its designee adjusts the principle amount of the subject obligation, except as provided by subparagraph (B).
>
> **(B)** In the case of a lessee or its designee who determines that subparagraph (A) would impose a hardship, the Secretary or such delegated State shall calculate the interest due and notify the lessee or its designee within a reasonable time of the amount of interest due, unless such lessee or its designee elects to calculate and report interest in accordance with subparagraph (A).

30 U.S.C. § 1721a(a)(2).

On November 30, 2005, relators, Randall L. Little and Lanis G. Morris, employees with the MMS, filed the instant qui tam action against defendants, alleging violations of the False Claims

Act, 31 U.S.C. §§ 3729-3733 ("FCA").[1]  Specifically, relators allege that defendants violated the FCA by falsely certifying on their monthly MMS-2014's that calculating and reporting interest due on prior royalty underpayments and late payments would impose a hardship.  The moving defendants now move this Court to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

II.     Discussion

When reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court accepts "as true all well-pleaded facts, as distinguished from conclusory allegations, and view[s] those facts in the light most favorable to the nonmoving party." *Maher v. Durango Metals, Inc.*, 144 F.3d 1302, 1304 (10th Cir. 1998).  "A complaint may be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) only if the plaintiff can prove no set of facts to support a claim for relief." *David v. City and County of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996) (internal quotations and citations omitted).

Relators bring this action pursuant to 31 U.S.C. § 3729(a)(7), which provides:

> Any person who –
>
> \*               \*               \*
>
> **(7)** knowingly makes, uses, or causes to be made or used, a false record or statement to conceal, avoid, or decrease an obligation to pay or transmit money or property to the Government,
>
> is liable to the United States Government . . .

31 U.S.C. § 3729(a)(7).  Based upon the clear language of this section, the Court finds that in order to maintain their claims, relators must show that defendants knowingly made the alleged false

---

[1]The United States declined to intervene in this action.  *See* Docket No. 33.

3

statements "to conceal, avoid, or decrease" their obligation to pay interest on royalty underpayments and late payments.

Having carefully reviewed the parties' briefs, the Complaint, and the applicable statutes,[2] and assuming all of the allegations in the Complaint are true, the Court finds that, as a matter of law, relators can not show that defendants' allegedly false statements, which certified that calculating and reporting the interest due on prior royalty underpayments and late payments would impose a hardship, were made to conceal, avoid, or decrease their obligation to pay interest on royalty underpayments and late payments.  Specifically, the Court finds that any allegedly false statement certifying a hardship made no impact on whether defendants would ultimately be obligated to pay interest on the royalty underpayments and late payments.  The Federal Oil and Gas Royalty Simplification and Fairness Act of 1996 explicitly provides that if a hardship is asserted, the Secretary <u>shall</u> calculate the interest due and notify the lessee or its designee of the amount of interest that is due.  *See* 30 U.S.C. § 1721a(a)(2)(B).  Therefore, even if defendants knowingly made a false certification of hardship, the Secretary would, pursuant to statute, calculate the interest that is due and notify defendants of the amount that is due.  Thus, while defendants' obligation to pay, and ultimate payment of, interest on royalty underpayments and late payments might be delayed, such obligation and payment would not be avoided and, in fact, the amount of said interest would be increased because interest on the underpayments and late payments continues to accrue until paid. Finally, the Court finds that any allegedly false certification of a hardship and failure to calculate

---

[2]Defendant Apache Corporation attaches a number of documents to its motion to dismiss and has filed a Motion for Ruling to Take Judicial Notice of these documents.  In making its ruling on the motions to dismiss, the Court did not consider any of the documents which were attached to defendant Apache Corporation's motion to dismiss.  Accordingly, the Court denies defendant Apache Corporation's Motion for Ruling to Take Judicial Notice [docket no. 173] as moot.

and report interest due did not conceal defendants' obligation to pay the interest because, as alleged by relators, the MMS-2014's filed by defendants reflected the underpayments for which the interest was due, thereby providing notice to the government that interest was due on these underpayments and triggering the Secretary's statutory duty to calculate said interest.

Accordingly, the Court finds that relators have failed to state a claim upon which relief can be granted and that this action, therefore, should be dismissed.[3]

### III. Conclusion

For the reasons set forth above, the Court:

(A) GRANTS defendant Marathon Oil Company's Motion to Dismiss (On Grounds Urged in Apache's Memorandum) [docket no. 154], defendant Pogo Producing Company's Motion to Dismiss (On Grounds Urged in Apache's Memorandum) [docket no. 156], defendant Newfield Exploration Company's Motion to Dismiss (On Grounds Urged in Apache's Memorandum) [docket no. 158], defendants BP America Production Company, BHP Billiton Petroleum (Americas) Inc., and Total E&P USA, Inc.'s Motion to Dismiss the Complaint [docket no. 159], defendant The Williams Companies, Inc.'s Motion to Dismiss (On Grounds Urged in Apache's Memorandum) [docket no. 163], defendant Apache Corporation's Motion to Dismiss [docket no. 169], and defendant Amerada Hess Corporation's Motion to Dismiss (on Grounds Urged in Apache's Memorandum) [docket no. 172];

(B) DENIES defendant Apache Corporation's Motion for Ruling to Take Judicial Notice [docket no. 173] as MOOT;

(C) DISMISSES this action in its entirety; and

---

[3] Even though all of the defendants in this action have not filed motions to dismiss on the basis of failure to state a claim, because relators' claims are the same as to all defendants and because, as set forth above, such claims are deficient as a matter of law, the Court finds that this action should be dismissed in its entirety.

(D)  FINDS that the Joint Motion of Certain Defendants to Dismiss on First-To-File Grounds [docket no. 151], defendant The Williams Companies, Inc.'s Motion to Dismiss on First-To-File Grounds [docket no. 168], and defendant Hess Corporation's Motion to Dismiss on First-To-File Grounds [docket no. 170] are MOOT.

**IT IS SO ORDERED this 22nd day of August, 2007.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE